United States District Court
District of South Dakota
Western Division

| United States of America, | 5:20-cr-50122 |
|---|---|
| Plaintiff, | |
| v. | Motion to Dismiss |
| George DullKnife | |
| Defendant, | |

Now Comes, the above-named Defendant, George DullKnife ("Defendant"), proper, and pursuant to Fed.R.Crim.P. 12(b)(2), hereby respectfully moves this Honorable court to dismiss the Redacted Indictment (Document ("Doc")1) in the above-captioned matter, upon the grounds that (1) the indictment (Doc1) fails to charge an offense against the Laws of the United States because NO jurisdiction has been ceded or accepted over the place where the criminal activity is alleged to have occured; (2) the trial court is without subject-matter jurisdiction under 18 U.S.C. § 1153; and (3) the criminal statute(s) exceed the power of Congress as applied to defendant's conduct, because it violates the defendant's Due process rights secured under U.S.Const, Amott. V, and, encroaches on the sovereignty and jurisdiction of the Ogalala Sioux Tribe, in violation of Art.I.Cl.7 of the 1868 Fort Laramie Treaty—15 Stat. 635 and U.S const, Art. VI, cl.2, inclusive.[1]

Dated and respectfully submitted this 26 day May 2021

By: G. Dull
George Dull Knife
C/o Pennington County Jail
#7011992; CB 3-13
307 st. Joseph Street
Rapid City, SD 57701

1/2

Certificate of Service

Defendant hereby certifies under penalty of perjury that on the date entered below he served upon the following individuals herein next designated a true and correct handwritten copy of the above and foregoing Motion to Dismiss, by hand delivering such a copy to the U.S Marshal for it's delivery upon the following, wit:

| | |
|---|---|
| Clerk's Office | Dennis R. Holmes |
| U.S District court | Acting US Att'y |
| 515 9th St. Rm. 302 | 515 9th St. Rm 201 |
| Rapid City, SD 57701 | Rapid City, SD 57701 |

At the addresses last known to defendant. Dated and respectfully submitted this 28 day of May, 2021.

By: G. Dullknife

George Dullknife
Defendant proper

---

[1] "[T]he Federal Major Crimes Act (MCA) [] statute provides that, within the Indian county, any Indian who commits certain enumerated offenses against the person or property of another Indian or any other person shall be subject to the same law and penalties as all other persons committing any of the [MCA] offenses, within the exclusive jurisdiction of the United States," McGirt v. Oklahoma, 140 S.Ct. 2452, 2459 (2020) (citing 18 U.S.C § 1153(a)) (emphasis added; in internal brackets and quotation mark omitted). Conversely, however, such offenses are NOT within the exclusive jurisdiction of the United States; but rather, these offenses are within the concurrent jurisdiction of both the United States and the Tribe. Whereas, the Supreme Court has recently recognized that "[b]y subjecting Indians to federal trials for crimes committed on tribal lands, Congress may have breached it's promises to Tribes... that they would be free to govern themselves." McGirt, 140 S.ct. at 2459 (emphasis added).

2/2