UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE DULL KNIFE,<br><br>Defendant. | CR 20-50122-01-JLV<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS (DOCKET 74) |

The United States, by and through Assistant United States Attorney Heather Sazama, submits its opposition to the defendant's motion to dismiss.

**AUTHORITY AND ARGUMENT**

1. **The Major Crimes Act confers jurisdiction over the defendant to the federal district court for the District of South Dakota.**

The defendant argues this Court lacks jurisdiction over his case under both the Major Crimes Act (MCA), 18 U.S.C. § 1153, and McGirt v. Oklahoma, 140 S. Ct. 2452 (2020). See Doc. 74. Under the MCA, federal courts have exclusive jurisdiction over certain crimes committed by Indian persons in Indian country. See 18 U.S.C. § 1153; United States v. Azure, 801 F.2d 336, 338 (8th Cir. 1986) (concluding criminal jurisdiction "soundly based" on 18 U.S.C. § 1153). The MCA states, in pertinent part,

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony

> under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153(a). Under the MCA, "Indian country" includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation." United States v. Walking Eagle, No. 3:20-CR-30117-RAL, 2021 WL 1546113, at *1 (D.S.D. Apr. 20, 2021) (quoting 18 U.S.C. § 1151). As the Eighth Circuit has recognized, "Section 1151(a) confirms that reservations are properly considered Indian country and are therefore under the primary jurisdiction of the federal government and the relevant tribes." Yankton Sioux Tribe v. Podhradsky, 606 F.3d 994, 1007 (8th Cir. 2010).

While the MCA does not define the term "Indian," courts have "judicially explicated" its meaning. Walking Eagle, at *1 (citing United States v. Zepeda, 792 F.3d 1103, 1110 (9th Cir. 2015)); see also St. Cloud v. United States, 702 F. Supp. 1456, 1460 FN 8 (D.S.D. 1988) (listing various statutory definitions of the term "Indian"). Several circuit courts, including the Eighth Circuit, have defined an "Indian" as a person who (1) is a member of a federally recognized tribe[1] and (2) has some quantum of Native American blood. United States v. Stymiest, 581

[1] Tribal enrollment is important, but not essential, to the determination whether a person is an Indian. Driver, 755 F. Supp. at 888, FN 7 (citations omitted).

F.3d 759, 762 (8th Cir. 2009); Zepeda, 792 F.3d at 1110; United States v. Prentiss, 273 F.3d 1277, 1280 (10th Cir. 2001).

The District of South Dakota has adopted a two-part test to determine whether a person is an Indian for criminal jurisdictional purposes. United States v. Driver, 755 F. Supp. 885, 888 (D.S.D.), aff'd, 945 F.2d 1410 (8th Cir. 1991).

The test was based on United States v. Rogers, 45 U.S. (4 How.) 567, 11 L.Ed. 1105 (1846), and was recognized by the Eighth Circuit in United States v. Dodge, 538 F.2d 770, 786 (8th Cir. 1976), cert. denied, 429 U.S. 1099 (1977). The first prong of the test looks to "whether the person has some Indian blood; the second part looks to whether the person is recognized as an Indian." Driver, 755 F. Supp. at 888 (citing St. Cloud v. United States, 702 F. Supp. 1456, 1460 (D.S.D. 1988)). Recognition as an Indian person can be shown by (1) whether the person is enrolled in a Tribe; (2) whether the government has, either formally or informally, provided the person with assistance reserved only to Indians; (3) whether the person enjoys the benefits of Tribal affiliation; and (4) whether he is socially recognized as an Indian because he lives on the reservation and participates in Indian social life. Driver, 755 F. Supp. at 889.

The defendant's motion to dismiss is predicated on the assertion that he is an Indian person over whom the federal court has no jurisdiction. See Doc. 74. Discovery demonstrates that the defendant meets the definition of an Indian person for federal jurisdictional purposes. He is not enrolled, but is eligible for enrollment in the Oglala Sioux Tribe by virtue of his father's enrollment in the

Oglala Sioux Tribe; he has some quantum of Indian blood; he holds himself out as an Indian person; he resides on the Pine Ridge Reservation and enjoys the benefits of affiliation with the Oglala Sioux Tribe; and he has been criminally prosecuted by the Oglala Sioux Tribe. The defendant is an Indian person for purposes of the MCA.

The offenses with which the defendant is charged are alleged to have occurred at the defendant's residence near Kyle, South Dakota. Discovery produced in the case establishes this location is within the exterior boundaries of the Pine Ridge Reservation, and is, therefore, Indian country.

Because the defendant is an Indian person and the offenses are alleged to have been committed in Indian country, the remaining inquiry is whether this Court's assertion of jurisdiction over the defendant is proper under the MCA. The MCA makes clear that any Indian person who commits a felony assault under section 113, and commits the felony assault in Indian country, falls within the purview of the federal courts for federal jurisdictional purposes. 18 U.S.C. § 1153. The indictment charges the defendant with three criminal offenses. See Doc. 1. Count I alleges the defendant used and discharged a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii). The predicate crime of violence underlying Count I is the assault of Carmen Burgee, as alleged in Counts II and III of the indictment. Specifically, Count II alleges the defendant committed assault, pursuant to 18 U.S.C. § 113(a)(1) and 1153, and

Count III alleges he committed assault, pursuant to 18 U.S.C. § 113(a)(3) and 1153.

Because the MCA confers jurisdiction over the felonious assault underlying Count I, this court has jurisdiction over the defendant for his alleged violation of 18 U.S.C. § 924(c). See, e.g., United States v. Goodface, 835 F.2d 1233, 1238 (8th Cir. 1987) (affirming defendant's conviction under § 924(c) where § 1153 created jurisdiction for underlying felony of assault with dangerous weapon); Standing Bear v. United States, 68 F.3d 271, 272 (8th Cir. 1995) (affirming the summary dismissal of a claim under 18 U.S.C. § 2255 because the MCA created jurisdiction for predicate felony of assault). Accordingly, this court's assertion of criminal jurisdiction over the defendant for the crimes alleged in the indictment is proper.

**2. McGirt v. Oklahoma has no application to the defendant's situation.**

McGirt v. Oklahoma has been widely misinterpreted by defendants in the District of South Dakota as providing them some relief for certain federal crimes committed in Indian Country in the District of South Dakota. 140 S. Ct. 2452 (2020). The McGirt decision, however, has no application whatsoever to crimes committed by Indian persons on the Pine Ridge Reservation. The McGirt Court determined that because Congress did not disestablish the Muscogee Creek Nation Reservation, in the state of Oklahoma, the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and therefore, Indian persons who commit major crimes, as defined in 18 U.S.C. §

1153(a), within the boundaries of the Muscogee Creek Nation Reservation, are subject to prosecution in federal court, rather than state court. McGirt, 140 S. Ct. at 2459-60, 2474-76. As a result of McGirt, Indian persons who were prosecuted and convicted under Oklahoma State law for crimes committed on the Muscogee Creek Reservation had their convictions set aside and were entitled to new trials in federal court. McGirt was fact-specific and expressly limited its analysis and holding to the Muscogee Creek Reservation. See id., 140 S. Ct. at 2479 ("Each tribe's treaties must be considered on their own terms, and the only question before us concerns the Creek."). Thus, contrary to the defendant's assertion, McGirt did not hold that the federal district court in the District of South Dakota does not have jurisdiction over him for purposes of prosecuting alleged violations of federal law committed on the Pine Ridge Reservation.

Furthermore, McGirt did not recognize any new constitutional rights when it determined Congress had not disestablished the Muscogee Creek Nation Reservation. See id., 140 S. Ct. at 2459 ("Today we are asked whether the land these treaties promised [to the Creek Nation] remains an Indian reservation for purposes of federal criminal law."); id. at 2462-63 (drawing principles for disestablishment analysis from several Supreme Court cases). Because the McGirt decision did not recognize any new constitutional rights, the defendant has no valid claims that his Fifth Amendment due process rights or any treaty rights under the 1868 Fort Laramie Treaty have been violated by this Court's assertion of jurisdiction over him relating to the offenses alleged in the

indictment. The defendant's constitutional and treaty rights are not infringed by this Court's valid exercise of criminal jurisdiction over him.

## CONCLUSION

The Major Crimes Act confers jurisdiction over the defendant for the offenses alleged in the indictment in this case, and McGirt v. Oklahoma has no application to the defendant's situation. The United States respectfully asks the Court to deny the defendant's motion to dismiss.

Dated this 7th day of June, 2021.

DENNIS R. HOLMES
ACTING UNITED STATES ATTORNEY

/s/ *Heather Sazama*

Heather Sazama
Assistant U.S. Attorney
515 Ninth Street, Suite 201
Rapid City, SD 57701
Telephone: (605) 342-7822
Facsimile: (605) 342-1108
E-Mail: heather.sazama@usdoj.gov