UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE DULL KNIFE,<br><br>Defendant. | 5:20-CR-50122-JLV<br><br>REPORT AND RECCOMENDATION REGARDING MOTION TO GRANT UNOPPOSED MOTIONS (DOC. 102) |

Pending is Defendant's Motion to Grant Unopposed Motions (Doc. 102). Based on consideration of all the relevant pleadings, the Court respectfully makes the following:

**RECOMMENDATION**

It is respectfully recommended that Defendant's Motion to Grant Unopposed Motions be denied.

**JURISDICTION**

Defendant is charged in an Indictment with Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); Assault with Intent to Commit Murder, in violation of 18 U.S.C. §§ 113(a)(1) and 1153; and Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153. The pending Motion was referred to the Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

1

## FACTUAL BACKGROUND

Mr. Dull Knife filed a Motion to Dismiss on May 28, 2021. (Doc. 74). On June 7, 2021, the United States filed a responsive brief opposing the motion. (Doc. 81). Thereafter, Mr. Dull Knife filed a Motion to Strike (Doc. 86) requesting that the government's untimely response should be stricken because the government failed to seek leave of the court to file its untimely response. This Court recently denied the motion to strike and exercised its discretion to consider the government's response.

D.S.D. Crim. L.R. 47.1(C) states, in relevant part, "[o]n or before 7 calendar days after service of a motion and brief, unless otherwise specifically ordered by the court, all opposing parties must serve and file a responsive brief containing opposing legal arguments and authorities in support thereof." However, "[P]laintiff's failure to respond to defendants' motions to dismiss "does not automatically compel resolution of [the motions] in favor of [defendants].'" Meyer v. JP Morgan Chase Bank, 2016 WL 11609168 (D.S.D. 2016) (citing United States v. One Parcel of Real Prop., 27 F.3d 327, 329 n.1 (8th Cir. 1994), (see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."))

Here, Mr. Dull Knife is requesting the court grant his motion to dismiss (Doc. 74) and motion to strike (Doc. 86) because the Government failed to respond in a timely fashion. While it is true the Government's response to the motion to dismiss was untimely, granting the motion is not appropriate in this case. In Mr. Dull Knife's Motion to Dismiss, he argued that the court lacked jurisdiction over the case. This motion, if granted, would be dispositive of the case. The court having considered the merits of the motion, has recommended that the motion to dismiss be denied. (Doc.

112). Likewise, Mr. Dull Knife's Motion to Grant Unopposed Motions (Doc. 102) should be denied.

DATED this 31st day of August, 2021.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).